

ENTERED
05/05/2014

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| JASPER T. COX, ) | CASE NO. 13-32110-H3-7 |
| ) | |
| Debtor ) | |
| ) | |

MEMORANDUM OPINION

Came on for trial the Amended Objection to Debtor's Exemptions (Docket No. 66) filed by BL-Lam Ventures, LP ("Ventures"), and after considering the Response (Docket No. 85) filed thereto by Jasper T. Cox, Debtor, the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment in conjunction herewith overruling the Amended Objection and allowing the Debtor's claimed exemption.  To the extent any Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such.  To the extent any Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

Findings of Fact

Debtor filed a voluntary Chapter 7 petition on April 6, 2013.  Docket No. 1.  Debtor initially elected the federal exemptions pursuant to section 522(b)(2) but amended Schedule C on October 16, 2013 and elected the exemptions of the State of Texas

pursuant to section 522(b)(3). Docket Nos. 1 and 49. Debtor claimed as his homestead the real property, and trailer located thereon, at 24704 Loop 494, Porter, Texas 77365, hereinafter referred to as the "Property."[1]

Ventures filed an objection to Debtor's exemptions on June 3, 2013 and amended its objection on February 2, 2014. Docket Nos. 12 and 66. Ventures asserts that the Debtor's claimed homestead does not qualify as exempt property because it has no improvements attached thereto as the trailer is not sufficiently attached to be considered an improvement. Ventures also alleges that the Debtor does not reside on the Property and that the Property is part of a larger commercial acreage that is used for the operation of a business, Big Toy Storage.

Debtor testified that he has lived in Porter, Texas in his trailer since September 2012 when he moved from the home in Spring, Texas that he shared with his then wife. Debtor obtained a divorce in January 2013 and was awarded two tracts of land, one of which is the claimed homestead property. Debtor testified that the Property is his homestead. Debtor testified that since his divorce he has claimed the Property as his permanent address and filed a homestead designation as to the Property with the Montgomery County Appraisal

---

[1] Schedule C, as initially filed, lists the real property and in parentheses referenced the travel trailer as being "located on home but not attached." Docket No. 1. Amended Schedule C lists the real property and references the travel trailer as being "located on home." Docket No. 49.

District in January 2013.[2]

Debtor testified that the travel trailer was located on and attached to the real property before he moved into it in September 2012. He testified that his father owns an adjacent tract of land upon which Big Toy Storage is operated. Debtor testified that he lives in the travel trailer and that it is his permanent address and home. Debtor testified that he does not own any other property or houses and that he does not rent an apartment. The Debtor admitted that he does not always spend each night at the trailer. He testified that this is partly due to his travel schedule. Debtor also testified that since the bankruptcy filing, he occasionally spent the night at his former residence in Spring, Texas. Debtor testified that he stayed in Spring, Texas at the request of his ex-wife because of security reasons.[3]

Debtor testified that the trailer is similar to a mobile home and has many luxury amenities. Debtor testified that the trailer has a full kitchen, living room and bedroom. The trailer is equipped with heat and air conditioning as well as standard utilities, including water, electricity and sewage facilities. Testimony of Debtor.

---

[2] Debtor testified that he filed his initial homestead designation in January 2013 but it contained an error as to the lot number. Debtor testified that he worked with the Appraisal District thereafter and ultimately had the error corrected.

[3] Debtor testified that his ex-wife became afraid due to the actions and behavior of a private investigator hired by Ventures.

Although the trailer has a set of wheels and can be attached to a vehicle allowing it to be moved, Debtor testified that, since he moved into the trailer in September 2012, it has never been moved around and he has no intention of moving it. The front of the trailer rests on a large metal tripod which is anchored to the ground by a metal chain. The tripod rests on cement blocks which are used for stability. The trailer is also anchored to the ground in four additional places: two are located at the rear of the trailer, one on either side; and two are located in the middle of the trailer, one on either side. Ventures' Exhibit No. 1. Debtor testified that he considers the trailer to be permanently attached to the land and that it would take at least three hours to detach all of the anchors in order to move it. Debtor also testified that he plans to make other permanent improvements to the trailer by pouring piers and installing poles to add covered parking and to construct a cover over the trailer. Testimony of Debtor. Ventures' Exhibit No. 1.

The court finds that the Debtor was a credible witness. The court finds that the Debtor has demonstrated overt acts of homestead usage as it is his only residence and he occupies the property and uses the property as his homestead. Debtor also credibly testified that he intends that the property is his homestead and that he has claimed it as such.

The court finds that the trailer is sufficiently attached to the real property to qualify as an improvement to the land.  The trailer is attached to the ground in five locations and it is equipped with water, electricity and sewage facilities.

The court finds that Ventures has failed to prove that the exemption is not properly claimed.

## Conclusions of Law

When a debtor chooses a state exemption scheme instead of the exemptions itemized in the Bankruptcy Code, as is his right under Section 522(b) of the Code, the Bankruptcy Court "must turn to state law to interpret [the debtor's] exemption rights."  *In re Parrish*, 144 B.R. 349 (W.D.Tex. 1992).  In Texas, homestead laws are favored and should be construed liberally to protect the homestead. *In re Mitchell*, 132 B.R. 553 (W.D.Tex. 1991); *see also, Matter of Bradley*, 960 F.2d 502 (5th Cir. 1992), rehearing denied 966 F.2d 1450.

Texas courts hold that the initial burden to establish a homestead is on the debtor, but that the burden is slight and easily satisfied.  In order to establish the homestead status of property, the claimant must demonstrate overt acts of homestead usage and an intent to claim the property as the homestead.  "[M]ere evidence of overt acts of homestead usage is usually sufficient" to justify the homestead exemption as Texas courts will presume the requisite intent from these acts.  An objecting party has the burden of

demonstrating that the homestead rights have been terminated. *See Matter of Bradley*, 960 F.2d 502; *In re Perry*, 345 F.3d 303 (5th Cir. 2003).

A homestead includes real property, together with any improvements on the land, provided that it shall be used for the purposes of a home by the homestead claimant. Tex. Const. Art. XVI, § 51; Tex. Prop. Code § 41.001(a). Whether a tract of land is protected homestead property is a question of fact. *In re Baker*, 307 B.R. 860 (Bankr. N.D.Tex. 2003). Under Texas law, possession and use of land by one who owns it and who resides upon it makes it the homestead in law and in fact. *See In re Villarreal*, 401 B.R. 823 (Bankr, S.D.Tex. 2009); *In re Schott*, 449 B.R. 697 (Bankr. W.D.Tex. 2011).

In order to qualify as an "improvement," personalty, such as a mobile home, must be "annexed to the realty." *Sonnier v. Chisholm-Ryder Co.*, 909 S.W.2d 475 (Tex. 1995). Mobile homes on concrete blocks with electrical, sewage and water services are sufficiently annexed to real property to qualify as an exempt "improvement" to a homestead. *See Norris v. Thomas*, 215 S.W.3d 851 (Tex. 2007) and cases cited therein.

Based upon the above Findings of Fact and Conclusions of Law this court allows the claimed homestead exemption of the Debtor as to the real property and improvements located at 24704 Loop 494, Porter, Texas 77365. The objection to Debtor's exemption is

overruled and a separate Judgment will be entered in conjunction herewith.

SIGNED at Houston, Texas this 5th day of May, 2014.

*Letitia Z. Paul*

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE